**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NORTHSTAR SYSTEMS LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>XIAOMI CORPORATION, XIAOMI )<br>COMMUNICATIONS CO., LTD, and )<br>XIAOMI INC., )<br><br>Defendants. ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NorthStar Systems LLC ("NorthStar" or "Plaintiff") for its Complaint against Defendants Xiaomi Corporation, Xiaomi Communications Co., Ltd., and Xiaomi Inc. (collectively, "Xiaomi" or "Defendants") alleges as follows:

**THE PARTIES**

1.      NorthStar is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670.

2.      Upon information and belief, Xiaomi Corporation is a corporation organized and existing under the laws of the Cayman Islands with a principal place of business at the offices of Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands.  Xiaomi Corporation may be served with process pursuant to the provisions of the Hague Convention. Xiaomi Corporation may also be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because it

engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.

3.      Upon information and belief, Xiaomi Communications Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Xiaomi Office Building, 68 Qinghe Middle Street, Haidian District, Beijing, China 100085. It is a wholly-owned subsidiary of Xiaomi Corporation. Xiaomi Communications Co., Ltd. may be served with process pursuant to the provisions of the Hague Convention.  Xiaomi Communications Co., Ltd. may also be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.

4.      On information and belief, Xiaomi Inc. is a corporation organized and existing under the laws of the People's Republic of China with a principal place of business at Xiaomi Office Building, 68 Qinghe Middle Street, Haidian District, Beijing, China 100085.  It is a wholly-owned subsidiary of Xiaomi Corporation. Xiaomi Inc. may be served with process pursuant to the provisions of the Hague Convention.  Xiaomi Inc. may also be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.

5.      Xiaomi is a leading manufacturer and seller of consumer electronics devices, including streaming media players, smart devices, IoT devices, smartphones, and audio devices, in the United States.  Upon information and belief, Xiaomi does business in Texas and in the Eastern District of Texas directly and through intermediaries.

## JURISDICTION

6.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Xiaomi.  Xiaomi regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

8.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Xiaomi is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

9.      Xiaomi is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

10.     On October 19, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,817,085 (the "'085 Patent") entitled "Position Privacy in an Electronic Device."   A true and correct copy of the '085 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=7817085.

11.     On February 5, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,327,312 (the "'312 Patent") entitled "Position Privacy in an

Electronic Device."   A true and correct copy of the '312 Patent is available at: http://pdfpiw.uspto.gov/.piw?docid=7327312.

12.     On May 6, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,717,231 (the "'231 Patent") entitled "Position Privacy in an Electronic Device."   A true and correct copy of the '231 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8717231.

13.     On August 12, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,805,416 (the "'416 Patent") entitled "Method and System for Mobile Device Selectively Reporting of GPS Position Information to Others."   A true and correct copy of the '416 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8805416.

14.     On February 7, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,995,708 (the "'708 Patent") entitled "Local Positioning System."   A true and correct copy of the '708 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=6995708.

15.     On September 6, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,014,943 (the "'943 Patent") entitled "Method and System for Displaying Social Networking Navigation Information."   A true and correct copy of the '943 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8014943.

16.     On October 4, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,032,297 (the "'297 Patent") entitled "Method and System for Displaying Navigation Information on an Electronic Map."   A true and correct copy of the '297 Patent is available at http://pdfpiw.uspto.gov/.piw?docid=8032297.

17.     NorthStar is the sole and exclusive owner of all right, title, and interest in the '085, '312, '231, '416, '708, '943 and the '297 Patent (the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  NorthStar also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

## FACTUAL ALLEGATIONS

18.     The Patents-in-Suit generally covers systems and methods for tracking physical assets.

19.     The '085 Patent generally discloses a privacy enhancement device and methods for electronic devices such as a handheld phone.  The technology described in the '085 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices that perform a method that stores navigation information on a user interface through the use of labels.

20.     The '312 Patent generally discloses methods for a remote server to process and send location information regarding a local element.  The technology described in the '312 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices that perform a method that uses remote servers to process location information regarding the handheld device.

21.     The '231 Patent generally discloses methods which prevents current location information from being transmitted in response to enabling privacy mode.  The technology described in the '231 Patent was developed by Scott C. Harris.  By way of example, this technology

is implemented today in handheld devices that perform a method to prevent the transmission of current location information in privacy mode.

22. The '416 Patent generally discloses a method for a mobile device to communicate with a remote source over a wireless network in the presence of GPS signal interference.  The technology described in the '416 Patent was developed by Scott C. Harris.  By way of example, this technology is implemented today in handheld devices that communicate wirelessly with a remote source to obtain location information.

23. The '708 Patent generally discloses a method for determining the position of a device by determining using earth-based positioning instead of satellite-based positioning when available.  The technology described in the '708 Patent was developed by Dominik J. Schmidt of Gallitzin Allegheny LLC.  By way of example, this technology is implemented today in handheld devices that determine whether earth-based media are available and using the earth-based media for location information instead of a satellite-based media.

24. The '943 and '297 Patents generally disclose methods for the displaying and generating object vector indicators referenced on an electronic map.  The technology described in the '943 and '297 Patents was developed by Gabriel Jakobson.  By way of example, this technology is implemented today in handheld devices that generate electronic maps based on received user input which display object vector indicators.

25. Xiaomi has infringed and/or is continuing to infringe the Patents-in-Suit by making, using, offering to sell, selling, and/or importing mobile phones and tablets what utilize the accused functionality, including, but not limited to, the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi

11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products.

26.     On information and belief, Xiaomi has had knowledge of the asserted patents at least as of December 15, 2020, when NorthStar filed suit against Xiaomi's competitors, ZTE, Kyocera, and Shenzhen OnePlus.[1]  These competitors sell similarly equipped Android devices. On information and belief, Xiaomi became aware of the Asserted Patents by way of industry publications that reported on the filing of NorthStar's lawsuits.  On information and belief, Xiaomi was at least willfully blind to the Asserted Patents.

## COUNT I
### (Infringement of the '085 Patent)

27.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

28.     NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '085 Patent.

29.     Xiaomi infringed the '085 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '085 Patent, for example, Xiaomi has infringed Claim 6 of the '085 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system:

---

[1] *See, e.g.*, NorthStar Systems LLC v. Shenzhen OnePlus Science & Technology Co., Ltd. 2:20-cv-00385 (EDTX); NorthStar Systems LLC v. Kyocera Corporation 2:20-cv-00384 (EDTX); NorthStar Systems LLC v. ZTE Corporation 2:20-cv-00386 (EDTX).

**Operating System**        MIUI 13, android 12

[2]

30.     For example, Xiaomi has directly infringed at least claim 6 of the '085 Patent by making, using, offering to sell, selling, and/or importing into the United States products that practice the method of claim 6 by providing a portable device with a user interface, which provides descriptive and navigation information about a stored location, such as the Xiaomi 12 Pro.

31.     For example, the Xiaomi 12 Pro performs a method,  in a portable device, that uses position sensing parts to detect a current position of the portable device:

| Navigation & Positioning | GPS: L1+L5<br>Galileo: E1+E5a \| GLONASS: G1 \| Beidou\| NavIC: L5<br>A-GPS supplementary positioning \| Electronic compass \| Wireless network \| Data network\| SAP |
|---|---|
| Sensor | Proximity sensor \| Ambient light sensor \| Accelerometer \| Gyroscope \| Electronic compass \| Linear motor \| IR blaster \| Barometer \| Flicker sensor |

[3]

32.     The Xiaomi 12 Pro also determines if a current position storing memory in the portable device has a position stored and if the current position storing memory does not already have a position stored therein, then storing information indicative of the current position as a stored location in the current position storing memory:

---

[2] https://www.mi.com/global/product/xiaomi-12-pro/specs.
[3] *Id.*

## Pin directions to home or work

1. On your Android phone or tablet, open the Google Maps app 📍. Set your home and work addresses, if you haven't already.
2. Tap Directions ◈.
3. Select your mode of transportation.
4. Tap **Home** or **Work**.
5. Tap on Pin 📌 at the bottom of the screen.

You can find your pinned trips on the Go 🚗 tab with ETA and traffic information for that trip. Learn more about your favorite trips.

## Hide your regular route

If your Location History is turned on, directions will sometimes show your usual way home or to work. You can hide your regular route in Google Maps at any time.

1. Tap your profile picture or initial 👤 ➤ Settings ➤ **Personal content**.
2. To hide the routes, turn off **Regular routes**.

## Pick your favorite icon for home or work

1. On your Android phone or tablet, open the Google Maps app 📍.
2. Tap Saved 🔖. Under "Your lists," tap **Labeled**.
3. Next to "Home" or "Work," tap More ⋮ ➤ **Change icon**.
4. Tap a new icon for your home or work from the list.
5. Tap **Save**.

4

33.    The Xiaomi 12 Pro also detects that position the current position storing memory has been selected and automatically provide navigation information from a current position to the stored location.

34.    Xiaomi has indirectly infringed one or more claims of the '085 Patent by knowingly and intentionally inducing others, including Xiaomi's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as Xiaomi mobile devices.

---

4 https://support.google.com/maps/answer/3093979?co=GENIE.Platform%3DAndroid&hl=en.

35.    Xiaomi, with knowledge that these products, or the use thereof, infringed the '085 Patent at least as of December 2020, knowingly and intentionally induced, indirect infringement of the '085 Patent by providing these products to end users for use in an infringing manner.

36.    Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '085 Patent.

37.    NorthStar has suffered damages as a result of Xiaomi's indirect infringement of the '085 Patent in an amount to be proved at trial.

## COUNT II
### (Infringement of the '312 Patent)

38.    Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

39.    NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '312 Patent.

40.    Xiaomi infringed the '312 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '312 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system.

41.    For example, Xiaomi directly infringed at least claim 23 of the '312 Patent by making, using, offering to sell, selling, and/or importing into the United States products that

include Xiaomi mobile handheld devices and tablets, which use with the Android operating system.

42.     For example, the Xiaomi 12 Pro, acquires information about a local area from a client in said area.  The Xiaomi 12 Pro then sends the information about the local area over a data channel to a remote server, using the information from the remote server to determine a position of the local area.  Information indicative of the position of the local area is then returned to the Xiaomi 12 Pro in the local area.

43.     Xiaomi has indirectly infringed one or more claims of the '312 Patent by knowingly and intentionally inducing others, including Xiaomi's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as Xiaomi mobile devices.

44.     Xiaomi, with knowledge that these products, or the use thereof, infringed the '312 Patent at least as of December 2020, knowingly and intentionally induced, indirect infringement of the '312 Patent by providing these products to end users for use in an infringing manner.

45.     Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '312 Patent.

46.     NorthStar has suffered damages as a result of Xiaomi's indirect infringement of the '312 Patent in an amount to be proved at trial.

<u>**COUNT III**</u>
**(Infringement of the '231 Patent)**

47.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

48.     NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '231 Patent.

49.     Xiaomi directly infringed the '231 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '231 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system.

50.     For example, Xiaomi directly infringed at least claim 20 of the '231 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include Xiaomi mobile handheld devices and tablets, which can use the Android operating system.

51.     For example, the Xiaomi 12 Pro, operating on the Android Operating System, detects  information indicative of a current location of the device.  The Xiaomi 12 Pro further determines the current location based, at least in part on the detected information and transmits current location information:

| Navigation & Positioning | GPS: L1+L5<br>Galileo: E1+E5a \| GLONASS: G1 \| Beidou\| NavIC: L5<br>A-GPS supplementary positioning \| Electronic compass \| Wireless network \| Data network\| SAP |
|---|---|
| Sensor | Proximity sensor \| Ambient light sensor \| Accelerometer \| Gyroscope \| Electronic compass \| Linear motor \| IR blaster \| Barometer \| Flicker sensor |

52.    The Accused Products, such as the Xiaomi 12 Pro, operating on the Android operating System, further performs the step of enabling privacy mode, wherein the current location information is prevented from being transmitted in response to the privacy mode being enabled:



**Turn location on or off for your phone**

1. Swipe down from the top of the screen.
2. Touch and hold Location 🔎. If you don't find Location 🔎:
   a. Tap Edit ✏ or Settings ⚙.
   b. Drag Location 🔎 into your Quick Settings.

**Tip:** If these steps don't work for you, get help from your device manufacturer.

53.    Xiaomi has indirectly infringed one or more claims of the '231 Patent by knowingly and intentionally inducing others, including Xiaomi's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as Xiaomi mobile devices.

---

[5] https://www.mi.com/global/product/xiaomi-12-pro/specs.
[6] https://support.google.com/accounts/answer/3467281?hl=en.

54.     Xiaomi, with knowledge that these products, or the use thereof, infringed the '231 Patent at least as of December 2020, knowingly and intentionally induced, indirect infringement of the '231 Patent by providing these products to end users for use in an infringing manner.

55.     Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '231 Patent.

56.     NorthStar has suffered damages as a result of Xiaomi's indirect infringement of the '231 Patent in an amount to be proved at trial.

## COUNT IV
### (Infringement of the '416 Patent)

57.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

58.     NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '416 Patent.

59.     Xiaomi has and continues to directly infringe the '416 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '416 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system.

60.     For example, Xiaomi has and continues to directly infringe at least claim 1 of the '416 Patent by making, using, offering to sell, selling, and/or importing into the United States

products that include Xiaomi mobile handheld devices and tablets which can use the Android operating system.

61.     For example, the Xiaomi 12 Pro, operating on the Android Operating System, upon information and belief, utilizes a method for: receiving information about current a current location of a mobile communication device, wherein the information about the current location includes global position system (GPS) information; detecting by the mobile communication device, signal interference; generating, by the mobile communication device, an indication of the signal interference, communication, by the mobile communication device, with a remote source over a wireless network, wherein said communication comprises sending both the indication of the signal interference and the GPS information from the mobile communication device to the remote source; receiving, by the mobile communication device navigation information from the remote source in response to sending both the indication of the signal interference and the GPS information, wherein the navigation information comprises data for plotting a course on a map including the current location of the mobile communication device; and displaying by the mobile communication device, the map based on the navigation information.

62.     For example, the Accused Products, such as the Xiaomi 12 Pro, use GPS with Assisted GPS:

63.     Xiaomi, with knowledge that these products, or the use thereof, infringes the '416 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '416 Patent by providing these products to end users for use in an infringing manner.

64.     Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '416 Patent, but while remaining willfully blind to the infringement.

65.     NorthStar has suffered damages as a result of Xiaomi's direct and indirect infringement of the '416 Patent in an amount to be proved at trial.

66.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Xiaomi's infringement of the '416 Patent, for which there is no adequate remedy at law, unless Xiaomi's infringement is enjoined by this Court.

---

[7] https://www.mi.com/global/product/xiaomi-12-pro/specs.

## COUNT V
### (Infringement of the '708 Patent)

67.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

68.     NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '708 Patent.

69.     Xiaomi has and continues to directly infringe the '708 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '708 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system.

70.     For example, Xiaomi has and continues to directly infringe at least claim 1 of the '708 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include Xiaomi mobile handheld devices and tablets which can use the Android operating system.

71.     For example, the Xiaomi 12 Pro, operating on the Android Operating System, upon information and belief, performs a method to determine position of a user, comprising sniffing for one or more earth-based media with a mobile device; and if the one or more earth-based media is present, using an earth-based positioning system receiving of the mobile device selected from one of a short-range wireless receiver of the mobile device and a cellular receiver of the mobile device to determine the position, otherwise using a satellite-based positioning system receiver of the mobile device to determine the position only if the one or more earth-based media are not present,

17

using code of the mobile device to fix the mobile device to favor use of the earth based positioning system receiver over the satellite-based positioning system receiver.

72.    For example, the Xiaomi 12 Pro, use GPS with Assisted GPS:



73.    Xiaomi, with knowledge that these products, or the use thereof, infringes the '708 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '708 Patent by providing these products to end users for use in an infringing manner.

74.    Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '708 Patent, but while remaining willfully blind to the infringement.

75.    NorthStar has suffered damages as a result of Xiaomi's direct and indirect infringement of the '708 Patent in an amount to be proved at trial.

76.    NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Xiaomi's infringement of the '708 Patent, for which there is no adequate remedy at law, unless Xiaomi's infringement is enjoined by this Court.

---

[8] https://www.mi.com/global/product/xiaomi-12-pro/specs.

## <u>COUNT VI</u>
### (Infringement of the '943 Patent)

77.    Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

78.    NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '943 Patent.

79.    Xiaomi has and continues to directly infringe the '943 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '943 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system.

80.    For example, Xiaomi has and continues to directly infringe at least claim 1 of the '943 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include Xiaomi mobile handheld devices and tablets, which can use the Android operating system.

81.    For example, the Xiaomi 12 Pro, operating on the Android Operating System, performs a method for displaying object vector indicators referencing social-network map-objects on an electronic map, comprising: providing an electronic device having a map-display application that is coupled to a mapping service, a social-network and a display for displaying a selected area of the electronic map; authenticating to the social network; obtaining from the social network the map-object; determining that coordinates of the map-object are not within the selected area of the electronic map; computing distance and travel-related information from a location within the

19

selected area of the electronic map to the map-object; computing a placement position of an object vector indicators referencing the map-object on the map-display application; creating the object vector indicators containing the distance and travel-related information; displaying the object vector indicators on the display at the computed placement position; receiving user input selecting the object vector indicators; displaying a secondary area of the electronic map, wherein the secondary area is a region of the electronic map centered approximately around the map-object; and displaying the map-object approximately at the center of the secondary area.



9



10

82.     Xiaomi, with knowledge that these products, or the use thereof, infringes the '943 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues

---

9 https://developers.google.com/maps/documentation/urls/get-started.
10 https://developers.google.com/maps/documentation/android-sdk/controls#:~:text=A%20user%20can%20scroll%20(pan,disable%20scrolling%20by%20calling%20UiSettings.

to knowingly and intentionally induce, direct infringement of the '943 Patent by providing these products to end users for use in an infringing manner.

83.     Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '943 Patent, but while remaining willfully blind to the infringement.

84.     NorthStar has suffered damages as a result of Xiaomi's direct and indirect infringement of the '943 Patent in an amount to be proved at trial.

85.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Xiaomi's infringement of the '943 Patent, for which there is no adequate remedy at law, unless Xiaomi's infringement is enjoined by this Court.

**COUNT VII**
**(Infringement of the '297 Patent)**

86.     Paragraphs 1 through 26 are incorporated by reference as if fully set forth herein.

87.     NorthStar has not licensed or otherwise authorized Xiaomi to make, use, offer for sale, sell, or import any products that embody the inventions of the '297 Patent.

88.     Xiaomi has and continues to directly infringe the '297 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '297 Patent.  Such products include at least the Xiaomi 12 Pro., Xiaomi 12, Xiaomi 12X, Xiaomi 11T Pro, Xiaomi 11T, Xiaomi 11 Lite 5G NE, Mi 11 Ultra, Mi 11i, Mi 11 Lite 5G, Mi 11 Lite, Mi 11, Mi 10T Pro, Mi 10T, Mi 10T Lite, Mi 10 Lite, Mi 10 Lite, Mi Note 10 Lite, Mi 10, Mi 10 Pro, and Mi Note 10, among other products, which can use the Android operating system.

89.     For example, Xiaomi has and continues to directly infringe at least claim 1 of the '297 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include Xiaomi mobile handheld devices and tablets, which can use the Android operating system.

90.     For example, the Xiaomi 12 Pro, operating on the Android Operating System, comprise a method for displaying object vector indicators referencing map-objects on an electronic map, comprising: providing an electronic device having a map-display application that is coupled to a mapping service and a display for displaying a selected area of the electronic map; determining that coordinates of the map-objects are not within the selected area of the electronic map; computing distance and travel-related information from a location within the selected area of the electronic map to the map-objects; computing a placement position of an object vector indicators referencing the map-objects on the map-display application; creating the object vector indicators containing the distance and travel-related information; displaying the object vector indicators on the display at the computed placement position; receiving user input selecting the object vector indicators; displaying a secondary area of the electronic map, wherein the secondary area is a region of the electronic map centered approximately around the map-objects; and displaying the map-objects approximately at the center of the secondary area.



11

91.     Xiaomi, with knowledge that these products, or the use thereof, infringes the '297 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '297 Patent by providing these products to end users for use in an infringing manner.

92.     Xiaomi induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '297 Patent, but while remaining willfully blind to the infringement.

93.     NorthStar has suffered damages as a result of Xiaomi's direct and indirect infringement of the '297 Patent in an amount to be proved at trial.

94.     NorthStar has suffered, and will continue to suffer, irreparable harm as a result of Xiaomi's infringement of the '297 Patent, for which there is no adequate remedy at law, unless Xiaomi's infringement is enjoined by this Court.

---

[11] https://developers.google.com/maps/documentation/urls/get-started.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, NorthStar prays for relief against Defendants as follows:

a.      Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b.      An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c.      An order awarding damages sufficient to compensate NorthStar for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.      Entry of judgment declaring that this case is exceptional and awarding NorthStar its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

e.      Such other and further relief as the Court deems just and proper.

Dated:  May 10, 2022

Respectfully submitted,

*/s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797

24

Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO LAW LLC**
830 Morris Turnpike
Short Hills, NJ, 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
NORTHSTAR SYSTEMS LLC**